ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/11/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID ADAM PALEY,

          Plaintiff,

- against -

KLS PROFESSIONAL ADVISORS GROUP, LLC, and BOSTON PRIVATE WEALTH LLC,

          Defendants.

21 Civ. 75 (LLS)

MEMORANDUM & ORDER

    Defendants KLS Professional Advisors Group, LLC and Boston Private Wealth LLC move to dismiss plaintiff David Adam Paley's complaint. For the following reasons, the motion is denied.

    Paley alleges he was fired in retaliation for reporting to his supervisor a co-worker's conduct that Paley believed violated U.S. securities law. Specifically, after KLS's Investment Committee (of which Paley was a member) voted to block sell one exchange traded fund ("ETF") from all its clients' accounts and use the proceeds to block buy another ETF for those same clients, Paley's co-worker and fellow committee member initiated an individual client trade to sell and buy the same ETFs before the block transactions. Paley alleges that he believed the individual trade illegally "front-run" the block transactions and that his retaliatory firing violated Section 806 of the Sarbanes-Oxley Act of 2012, 18 U.S.C. § 1514A ("SOX").

    Paley also alleges that he was fired after asking for a

week off to deal with an illness "with which he had been initially afflicted in 2008 while at Deutsche Bank which had caused him to take three (3) months of disability in 2009." Compl. ¶ 37. "Symptoms of the illness include severe vertigo, labyrinthitis, migraines and anxiety attacks. These symptoms substantially interfered with his major life activities." Id. ¶ 38. After asking for time off, Paley received an email from a supervisor accepting what he purported was Paley's resignation. Paley alleges that he never resigned, but merely made a counter-offer in ongoing negotiations about his future compensation at KLS. Paley contends that this construction of his counter-offer as a resignation was discriminatory termination and a failure to reasonably accommodate his disability in violation of NYS Exec. Law § 296, et seq., and NYC Admin. Code §§ 8-107, 8-502.

The issues of Paley's actions and the termination of his employment involve questions of intent and motivation. These are classic matters calling for determination by a jury. See, e.g., Feingold v. New York, 366 F.3d 138, 151 (2d Cir. 2004) ("Of course, Feingold's colleagues may have decided not to train him not because of religion-based animus, but rather because they disliked Feingold as an individual, or because of some other motivation not prohibited by anti-discrimination law. Similarly, they may have given Haynes especially good training because they liked her as an individual, irrespective of her racial and

-2-

religious background. These are the types of factual questions, however, that must be resolved by a jury, rather than by a court at summary judgment."); Leshinsky v. Telvent GIT, S.A., 942 F. Supp. 2d 432, 444 (S.D.N.Y. 2013)(In a SOX retaliation case, "The question whether a plaintiff's belief was objectively reasonable is a 'mixed question of law and fact,' meaning that it should be decided by the Court only if there is no genuine issue of material fact as to the belief's reasonableness."); Ashmore v. CGI Grp. Inc., 138 F. Supp. 3d 329, 347 (S.D.N.Y. 2015)(denying defendant's motion for summary judgment on a SOX retaliation claim when "there is a genuine issue of material fact as to whether the record clearly and convincingly shows that Plaintiff would have been fired absent a retaliatory motive"); United States v. Subeh, No. 04-CR-6077T, 2006 WL 219968, at *14 (W.D.N.Y. Jan. 24, 2006)("Juries are frequently called upon to determine a defendant's intent, knowledge or motivation."), R. & R. adopted, 2006 WL 1875407 (July 5, 2006).

Accordingly the motion to dismiss is denied.

So ordered.

Dated:   New York, New York
         June 11, 2021

                              _____Louis L. Stanton_____
                                   LOUIS L. STANTON
                                       U.S.D.J.